I'd like to reserve 3 minutes for a little man-placed court. I'm Joshua Metz, Court Appointed Counsel for Plaintiff Appellant Gregory Bontemps. Under the PLRA, an action counts as a strike only if it was dismissed as malicious, frivolous, or for failure to stand a claim. The question here is whether three of Mr. Bontemps' prior actions qualify as strikes. If any one of them does not, then this court must reverse. And for three distinct reasons, appellees cannot show that all three prior actions qualify as strikes. First, under Moore v. Maricopa County Sheriff's Office, 3-4-2 cannot be a strike because the magistrate judge recognized, correctly, that this action was entirely removed at the time it was dismissed. That would be the narrowest and most straightforward ground for a person. Second, this court has held that even when a single claim in an action was dismissed for a reason not included in the PLRA, the action as a whole cannot count as a strike. But at least one claim each, in Cramer 1 and Cramer 2, were dismissed for failure to satisfy Rule 8's notice requirement, rather than for failure to see the claim upon which one could be granted. While appellees have said that Rule 8 and Rule 12 be sexed, does this serve the same? That is not the law. Under McHenry v. Brennan, Nann v. Hogan, and a host of other cases, including some cited by the magistrate in his order. And finally, third, if this court is unmoved by those considerations, it should conclude that the prior actions were in fact dismissed for failure to prosecute, and that that may not count as a strike. And that would, of course, require revisiting the panel opinion. So the issue that you raised in your brief, which is we have recently started, was without merit. Yes, Your Honor. So the first two arguments, I think, are reasons why this case is not controlled by Harris. But he's filed a letter saying this case was controlled by Harris. So what do we do with your letter? Your Honor, I think this was in my letter.  Frankly, that was an overriding on my part. As we explained in our brief, and I think we're very clear on this, and here I would actually direct the Court in particular to page 38 of our opening brief, we indicated that it was especially clear that Kareem Artook couldn't count as a strike under Nann, and we indicated we were both that the case was moved. And, more specifically, we indicated that the dismissal was, in fact, under Wilkie, rather than for failure to state a claim. And so we did present in the brief those intentions, and it was my error in overdrafting the first sentence of that letter. But it is our position that, as the Court identified in its order, that these intentions are before the Court, and, of course, waiver is always a discretionary matter within the Court's power, and, in particular, it is appropriate to allow claims against these to be heard when they are principally involved by agents of law and the defendant suffers no prejudice as a result of hearing argument on them. I think I understand your position, and you're doing a very good job of explaining the position that you took in your briefs and your letter. But on Kareem Artook, as I read Kareem Artook, there is a paragraph there with respect to Wilkie's, but there is also a rather lengthy order in which the Court said that seemed to indicate that it was dismissing for failure to state a claim. And it says on page 3, A complaint should only be dismissed for failure to state a claim upon which we believe it to be granted, if it appears beyond doubt. And then it goes on and goes through the allegations and says that the assent is stated plain. And then it has one paragraph that says, Finally, the only relief for which plaintiff asks is for transfer, and that's all. So, it seems to me that's going on. And it says you can have a chance to amend. And so it seems to me that's kind of a long-winded argument. I don't know if you can help me with that. Yes, certainly. It's not there, so if I could just sort of maybe walk the Court through it. So I think that the helpful place to start here is actually with the Moore case itself. In Moore v. Maricopa County, which was where the Court articulated the rule that dismissal for lack of subject matter jurisdiction can't count as a strike, the Court actually considered two prior actions where the magistrate judges in those cases actually characterized the dismissals to as for failure to state a claim. And what Moore said is, You know, look, there's basically two ways we can beat what was happening in those prior actions. Either we can think that what the Court was up to there was finding that it lacked jurisdiction and then, in contravention of clear Supreme Court precedent, going ahead and talking about the merits. Or it could be that the Court concluded that it lacked jurisdiction and then sort of said some other stuff, but that wasn't really what was at the heart of what was going on there. And this case a bit directed that, I acknowledge, because here the emphasis on mootness comes toward the ends of the district. I mean, the magistrate judges... This case was not moot when it was filed. And it became moot in the sense that it was no longer in that place. But in Moore, there was never any basis for general jurisdiction ever to land. Well, more specifically, there was a long line of cases from this Court which hold that a case becomes moot if an inmate files a claim seeking injunctive relief and the inmate is then transferred to a different facility. And in a case... I see what you're asking. This is a case which becomes moot. How does that turn into a case where there's no subject matter jurisdiction in the first place? Yes, Your Honor. It's well established that a court must possess subject matter jurisdiction at all stages of litigation, which is why this Court would, for example, still respond to your reason on occasion. And if a case becomes moot during the pendency of the case, district court immediately loses any lawful power to say anything at all about whether or not the claims in the case see a claim for relief because at that point it has lost any authority. And so here, once my client was transferred, the case was moot that day. The fact that later the magistrate judge then considered that actually reached this meeting order doesn't change the fact that it was moot from the get-go. And I think what's interesting here is that, again, we have to read this against the backdrop principle, which the magistrate judge in that case actually identified in citing a number of precedents, including simple versus moot, which is that when the magistrate transferred the case to moot there, all my client had asked for was injunctive relief. Contrary to what of the 28 jail orders yesterday, there was no request for nominal damages as the judge identified and as a review of the complaint will confirm. The judge then decided, okay, the case is moot, but it also addressed seemingly on the merits what it apparently understood to be a number of potential claims that my client might have brought forward. And I think, again, there's two ways we can understand what's happening there. Either the court was concluding that my client had in fact sought damages despite a clear disavowal of doing so in the complaint and was addressing those claims for damages for which it continued to capture a solution, or it was doing what, frankly, magistrate judges often do in this circumstance, which was identifying that the case was moot, indicating that there may be a number of cases of causes of action arising from these facts that support a claim for damages, which would not be moot, and offering Mr. Bontop some opportunity to amend if he wished to pursue those claims for damages. And as you said, did you disform that Mr. Bontop used the verdict in the complaint? You are with form complaint? Yes. So what you're saying is that would have been provided by the district court's clerk office? If you had come to a class that if you look at rule 8, it's so false to yourself that you can talk about rule 8 because you never start with what the jurisdiction is. In fact, you're preempted from making any legal argument or citation in this case. So I don't know how your client would know how to amend and whether if it's a 1983 claim, maybe there is nominal damages. He doesn't get a defense for it, but he doesn't even say he's going to bring a 1983 claim or anything like that unless you have a 1983 claim or he's bringing an ADA claim or amendment. I don't know how. I was trying to think, what would he do if he got this? I'm trying to think of a punishment for not amending against or not dismissing. So if he dismissed, then he wouldn't have been restrained. But there's nothing there where he's told or he's ever asked for relief under any particular theory. It's all provided for him on the grounds of some lawyers who are doing an order of dismissing, but it's not the Indian ever has asked to even sue on a legal basis for his claim. I'm talking about the process by which some inmate would know how to manage a claim that's specifically created with military legal agreement. I think Your Honor's question, actually, I agree with much of what you just said, and I think it relates to two of the reasons my claimer to appeal it can't be a strike. So the first reason it can't be a strike is that he only asked for a single thing. He could have asked for damages, even though there wasn't a box written on the complaint. He hand-wrote in the claim for relief that what I've asked for is a strike. I think you really do have to ask for damages if you broke his case and said, I'm going to sue him because you've done this, but I'm not going to give you an exemption because you can still get a dollar. I mean, I may be being technical, but I'm trying to see what works, why, and you can look at the case when you've got it because we're never trying to punish him for not being able to dismiss him. Yes, Your Honor, I think the starting point here is that the plaintiff, the plaintiff is ultimately the master of their complaint, and what Mr. von Thoms was asking for was to be moved to a prison that could accommodate his medical needs, and when he transferred, that went away. And when the magistrate judge got to the point of suing his complaint, he recognized and cited cases explaining that a case becomes moot when that occurs and then said, you know, look, this may also have been an ADA violation. There may have been other claims here that could support damages. You know, if you want to file an amended complaint, we'll allow you a chance to do that. And that's normal practice. The fact that he allowed a chance to amend is totally normal. In fact, the 11th Circuit in a case that I provided to the court this honor in McKinley v. Pavley have reversed a district court for failing to do that, and this court has done so as well in multiple unpublished opinions. It seems kind of tyrant to him. Doesn't it feel like, say, he decided not to get damages because he thinks he can't show qualified immunity, and he can't overcome all that immunity, we should overwarrant him for that right. He's not wasting our time. In this case, it's not like you're wasting the court's time, but in fact he did the opposite. Mr. O'Rourke, he said, I have a medical need. They're not accommodating it. He gets moved to another facility. The case is over then and there. The district court has no lawful power to address the merits. So the district court just shouldn't have said these extra things. No, Your Honor, it shouldn't have.  in these pro se contexts, indicate, you know, it does seem like the complaint may involve this or that, and if you want to amend, I'll give you a chance to do that. That's entirely discretionary, and frankly, it isn't wise for me. That doesn't change the fact that this case was moved when it was dismissed, and I think more is controlled in there. Judge, at least one can also identify that a second. I'm sorry, Judge O'Rourke. I know I really don't, I really don't quite understand why we should equate openness at the time it was dismissed with higher subject matter jurisdiction, because the court never, because there was never any basis for jurisdiction last year, and there is no jurisdiction, there was never any jurisdiction from the get-go. There's no diversity, there's no federal question, or something like that. Yes, Your Honor. I know openness means that there's no jurisdiction, but. Well, I don't mean to sound unduly formalistic here, but the Supreme Court has been quite clear, and I would refer to SILCO versus Citizens for a Better Environment, that when a case has been filed, and the court has jurisdiction at that time, if circumstances, and this is only a request for prospective injunctive relief, if the circumstances change, such that that injunctive relief is totally unavailable, the case is moved. But then in there. But if you add, the Supreme Court couldn't control it, that's my perspective, in 1983, when the court had jurisdiction. Yes, Your Honor, the court had jurisdiction, but if Assad only injunctive relief, it would have lost jurisdiction at the time. What I'm saying is, it had jurisdiction, it's just that when it became moved, they may have lost jurisdiction. Yes, Your Honor, I see I'm running out of time, and the last thing I'll say before I go back to remodel is, when they lost jurisdiction, they lost, or lost the lawful power to say that there was not a claim upon which relief could be granted, and that is why, under Moore, it cannot be a strike. Thank you. Good morning. Nisha Iqra for Dr. Smith, and I'm here with counsel for co-defendant Dr. Sotak, Wendy Motuloka. We will be sharing our time. How do you plan to divide it? We plan to divide it 10 and 5, but if the panel is content with answering questions, she graciously agrees to save some of her time. May it please the Court. Mr. Von Traub failed to state a claim, and then he failed to state anything at all, and left without any claim upon which relief can be granted. The Court dismissed his complaint, and under Harris v. Maycomb, this means he agreed to strikes. The Court asked the parties to address Harris, Goldbeet, and Memphis. Rule 8 defines a plaintiff's obligations in pleading. Rule 12b-6 is a defendant's mechanism to dismiss a complaint. If Rule 8 is not compliant with, but Rule 12b-6 is not confined to that, there are other bases upon which to bring a 12b-6. And Section 1915 is the district court's obligation to screen a complaint, and if there is no claim upon which you can grant relief, then it must dismiss. I describe these as a continuum in my most recent 28-J letter, but it really is more of a synergy between 8 and 12b-6. You would like us to think that 8 and 12b-6 are the same, but how can we do that in light of machinery? I would not like to think that they are the same, because Rule 8 only directs to the plaintiff, whereas 12b-6 is a remedy for a defendant. They are not the same thing. I don't really understand what you mean. I mean, could a case be dismissed under Rule 8? Yes, a complaint can be dismissed under Rule 8 for many reasons, but Knapp tells us that the ones that are applicable are when a complaint says too little or says too much, and in one Tom's case, it was just too little. It used to be the case. The most that I would ever know, because you never get to tell anything once in a while, that this is a 1983 claim, and this is why, for me, 1983, you just tell him, state it here as briefly as possible, the facts that your opinion is described, how each defendant is involved, included in this, and please do not give any legal arguments or cite any cases or statutes. That's right, Your Honor. If you look at the bottom of the form, I believe that it says for prisoners to bring a claim under Section 1983, and I believe it's also in the caption of the form. When we're looking at a motion to dismiss generally in a 12b6, we don't look at legal conclusions. We look at whether the factual allegations state a claim. But part of what the magistrate judges faulted them was Rule 8. Faulted him for was Rule 8. So we can't amend, McHenry tells us, that we can't assume that a Rule 8 dismissal means that there wasn't a claim. Well, I disagree that they faulted him. They didn't say the obligations under Rule 8. They repeated the two sentences of allegations that he had in Kramer 1. They said there were no allegations against Kramer or Lieutenant Poole at all. The allegations against Poole are insufficient to state a claim. And then they say under Section 1983, you need to say... There was only one defendant, right? I mean, so I guess some of the defendants, the problem was Rule 8? So there were three defendants, and the court tells us there are no allegations at all against Gordon Kramer or Lieutenant Poole. The third defendant was Foley, and the court expressly says the allegations against Foley are insufficient to state a claim. And under Section 1983... Could you just go ahead and go to the same ER page? Where are you in the record? Yes. So on ER 9-D is the two allegations, the two sentences of allegations for the complaint. And at the bottom of the page, this plaintiff makes no allegations at all in either his original or putative amended complaint against Kramer and Poole. These defendants are to submit to the plaintiff hoping for the grant to be put to an end. And then on ER 91, headline 14-15, plaintiff's allegations against defendant Foley concerning the taking of this property do not state a cognizable claim for relief. And the court, in each of these orders, Kramer 1, 2, and Gray, says what it says, that ER 92 and 12-13, there can be no liability under Section 1983 unless there's an affirmative link or connection between a defendant's action and the claim deprivation. Here, in all three complaints, there was no connection between what he was alleging and a specific defendant. And he had his own view. Well, that's what you're supposed to do when you've got this order that says this case was moved and hasn't been transferred, and they've got a man lying in there, and they know men, and you've got the relief. What do you want him to do that we would say we should do it? Well, the only one of these that mentions mootness would be Kramer 2. In ER 109, where they discuss mootness, they say that the only relief the plaintiff asked for was a transfer. It did not get reflected that he had been transferred from Pine Desert to Folsom while he asked for a transfer to accommodate his needs, and there was nothing in the record to say whether that transfer accommodated his needs, so the court says since plaintiff has been transferred, his claims to relief appear to be rendered moot, but the court will dismiss this complaint, and plaintiff will be granted relief to amend within 30 days, so... Better more to live than they do men. Dismiss? He can certainly voluntarily dismiss if he doesn't want to amend, and thereby not incur a strike. So why doesn't this count? Wait. So you think he should have dismissed instead of just being silent, and that would have helped save what? Then there would have been no dismissal for feathers to end a claim under Harris v. Langham. It would have been a voluntary dismissal. Instead, he sat on his hands for a year and a half, and meanwhile, he's languished. I understand that he could have amended to say that he wasn't getting the proper treatment where he had been transferred to. He could have if he wasn't receiving treatment, but there was nothing in the record to tell for damages. He could have asked for damages. He could have sought nominal damages. But that might have been... So, as you see, it's damages, but he can't overcome qualified immunity. Now, he's wasted the court's time, and maybe he really deserves a strike, but he didn't do that. So why don't we reward him for not amending this complaint? He got what he wanted, and maybe we should consider this case to have been victorious. Someone read this and transferred him. So if he got what he wanted, he could have dismissed, and then there would be no strike. But he came to that. Instead, he just wasted the court's time. Which doesn't mean that he's a pro se. But again, how does he know he needs to voluntarily dismiss? I don't know how much of this... I think any of us probably know that a good case should have been dismissed by the judge. It should have been dismissed without prejudice in the first place. This is like erroneous language by the magistrate judge. So, really, this was dismissed without prejudice. That's what happens in a case with no jurisdiction. So, why shouldn't we read this as a dismissal without prejudice, which is what it was supposed to be? Well, first of all, the claims were not rendered. The specific thing he was requesting was your mood. That's all the case was about. The claim is not necessarily mood because he can still get how much damage he has done in life. His case was mood. The only thing this case wanted was a transfer, and he was transferred. This case was mood, and a judge with a mood case is supposed to dismiss it without prejudice. If the injunctive relief he's seeking is mood, the case can go forward to vindicate violation of a constitutional right and award $1 in damage. So, if he's seeking damages, not on an injunctive relief claim, if you get damages on an injunctive relief claim, in Bernhardt, we can, and in Moore v. Maricopa County, it's mood. When considering whether a case is mood, we ask whether we can grant any effective relief within the confines of the case itself, and to vindicate the constitutional right. But he had asked only for a transfer, and he got that. That made it mood. He asked for a transfer to an institution that could accommodate him, and the court says, it appears that it may be rendered mood, but I'm going to give you a chance to come back and amend, and he chose not to. It was dismissed without prejudice, wasn't it? Yes. Well, no, I mean, I think you're just saying, yes, but where does it say dismiss without prejudice? I think that's your point, is that the magistrate judge made a mistake and didn't do that. Well, I don't think it matters under O'Neill v. Price, which said that dismissals both with and without prejudice are strikes. But we also have a case that says a case for lack of a strike, and a dismissal for mootness is a dismissal for lack of jurisdiction. And a dismissal for lack of jurisdiction is supposed to be stated as a dismissal without prejudice. Now, that's not, this opinion is all muddled up because the magistrate judge didn't say that. Instead, he said, you've come in. Yes, and the court keeps its magic words. The court did say that there are no references at all to M.C. Kramer. There are no references to Pulley whatsoever, and that he's been transferred to another institution, but he can bring an ADA claim if he wants to. So the whole action was non-dismissed for mootness. It was for failure to state a claim. It was for failure to link a defendant to a  mootness. It didn't talk about mootness. The smooth was driving him, and I thought it was driving him in the chance, but it was always like that. So, in the sense that it appears his request for relief is moot, but the court had no evidence before it that this transfer fixed the problem, because he was lucky to be transferred to an institution that could accommodate his needs. What troubles me, and maybe it's a good point, but some of this indicates that there's an obvious thing at this point when I make an ADA claim. You're suggesting that because an ADA claim might not be moot, that he has to do something. And he might make an ADA claim. You make an ADA claim, but the ADA claim formula lies completely in the court, not you or the magistrate, which is not the claim he's making. So you're saying, well, it's not moot because he still could make his ADA claim for damages by not doing this. He's just making an ADA claim assuming he has notice of that, which he's not seeking any damages, he's just seeking an exemption. You got it. So, why would you say it's not moot? Because he might go make an ADA claim. Well, I'll point out first that Section 1983 vindicates both constitutional rights and rights arising under the laws, federal laws. So, an ADA claim would also come under Section 1983. You mentioned this. Fifty years in the area, and I wasn't talking about it. I was talking about 1983 claiming something different than an ADA claim. So, I don't know what the story is there. Well, don't we have a lot of cases in this court that say that when you have a pro se, you're supposed to tell him what he can do in order to make out a claim. So, as I read this, the past two judges were saying, if you want to make a claim in front of the Disabilities Act, you haven't done it, but you could do it this way. And he didn't do that. And then he says, well, you can't seek relief in your individual capacity. Yes, I've been dropped a relief by way of a transfer. That's the relief that you asked for. That's been done. So, that's moot. And then, if you want to demand in order to show how you have your rights deprived, then you can do that. But, you have to be aware of this. Yes, this is one of those circumstances that Knapp mentions where you can fail a stated claim if you say too little. And he mentions his wheelchair. He mentions an accommodation. And the court is trying to parse out what could be here and giving him a chance to amend to say what he meant to say. Because, you're right, Your Honor, he doesn't mention the ADA. But he does mention a wheelchair. He does mention an accommodation. And the court is trying to assist him. So, if he... So, he's trying to court-assist him by telling him he was going to get a strength unless he voluntarily dismissed? Well, the court gave him a chance to amend. He didn't take the court up on that offer. And that was his joint offense because he had no relief in his needs anymore. Well, the court did warn him in ER 110. The complaint is dismissed for the reasons just discussed above with the need to file an amended complaint within 30 days. Failure to file an amended complaint will result in a recommendation that it should be dismissed. Even better. Now it should be dismissed without prejudice because of that. It was moot. Not because it was moot. Because he failed to link any defendant to any allegation which is required under section 1983. I have approximately one and a half minutes left and I'd like to see to Ms. Motuloka. Thank you. Good morning, Your Honors. Wendy Motuloka for the County Defendants. Ma'am, please go forward. I don't have much to add to what Ms. Ibarra had to say. I do want to address a very short question about whether or not a complaint can be dismissed under Rule 8. It can. It can be dismissed under Rule 8D formerly numbered E in McHenry. That process is McHenry explains the complaint kind of does state a claim but it is so long and it has so many defendants and we can't tell who's being sued for what. We can't make any sense out of it. We can order that a better complaint be submitted and if that doesn't occur, we can dismiss under Rule 41B where it is a dismissal under 8A2 which is the requirement that you state facts that are sufficient to support a claim for relief. That is the equivalent of the 12B6 dismissal which is the classic strike and I believe the court here found 12B6. So the magistrate judge at ER 107 just said it's Rule 8 so you're saying we should read into that what type of Rule 8 what part of Rule 8 can we keep repeating? Well I mean you always have to comply with Rule 8 to state a claim that's the pleading. So you're saying there's a difference and you're telling us that our case 4 only applies to Rule 8D and the magistrate judge just said Rule 8 so how do we know which part of Rule 8? Well the magistrate judge said Rule 8 and then cited McKeever and McKeever is the plain statement that's the language of 8A2 and then he went on to do the analysis that is typically done under that standard. Thank you. Thank you. This is a court under some law for maybe 60 seconds each of these two areas. So first, mootness. My client filed a complaint asking to be moved to another facility but he filed it against particular defendants. When he was moved the case became moot regardless of whether the other facility could provide him with the accommodation he needed because there could not be effective relief within the confines of his case which is the standard under Moore as to those defendants and it does seem peculiar to say that when a case becomes moot and the court loses any jurisdiction to say anything about the merits and therefore cannot impose a strike it subsequently can impose a strike either if it volunteers its own theory of damages that the plaintiff didn't ask for and then punishes him for not planning it or if it gives him a fixed period of time to amend his complaint over which there's no jurisdiction and he declines to do so. That is not law. Well, was dismissed or failure to prosecute? It's not always dismissed or failure to prosecute but failure to prosecute standing alone cannot be dismissed or dismissed as many circuits have held. On the moot point very quickly it must be clear that that was what he ascribed to. He already has plenty of other information. On the issue that you raised in your brief Israel? Well, no court anywhere has ever held that a failure to prosecute by itself is a strike. Only if underlying it is a failure to stand a claim with your underlying it was a dismissal as moot. If I may close the court for 45 seconds on on rule 8, there is a line of authority indicating that when a pleading is formally inadequate because it doesn't on its face identify which claims attach to which defendants that it can be dismissed on that basis alone distinct from a failure to stand a claim under a rule 12 resource and that the magistrate judge here cited a 7th Circuit case in which a man tweeted so three weeks ago the 5th Circuit embodied by Koch versus State Farm Mutual actually had several paragraphs explaining this distinction and he dismissed it on to rule 8 whether it's too long or too short but it's just about the formal adequacy of the pleading and not about the success in stating a claim upon which relief can be granted. Is it a strike? Unless it necessarily discloses a failure to stand a claim which is cruel from KNAP and respectfully here Kramer 1 and Kramer 2 although formally inadequate were not dismissed as such in a manner that necessarily show failure to stand a claim upon which relief could be granted and they were not repeatedly and knowingly dismissed as such which is the standard from KNAP Thank you very much Thank you both sides for your argument and thank you for your pro bono representation you've done an excellent job and we really appreciate your volunteering in this case
judges: Schroeder, Friedland, Whaley